GRETTENBERG, Respondent, v. SMITH, Appellant.

(187 N. W. 714.)

(File No. 4986. Opinion filed April 10, 1922. Rehearing denied May 16, 1922.)

Judgments—Setting Aside Default—Judgment in Sister State, Suit Thereon, Continued Inexcusable Neglect in Seeking to Vacate Foreign Judgment, Default Re Pending Suit—Relief Properly Refused.

Where judgment had been entered by default in an adjoining state court against defendant sued thereon in this state, defendant having repeatedly and for about four months neglected to move to vacate the foreign judgment, and, the pending suit having then been begun, defendant defaulting in interposing an answer, and later, after having been granted time to move vacation of the foreign judgment, neglected to move, and later having defaulted in answering within an extended period allowed him, judgment having been entered in pending suit more than a month after default, execution having been issued

more than three months thereafter and after repeated demand of immediate attention, etc., notice to vacate judgment in pending suit having been made nearly a month later; **held**, that, the ground of motion to vacate being that default in both jurisdictions was due to counsel's advice that because "original notice" served upon defendant in the foreign state was not read nor offered to be read to him and was served on Sunday and that court acquired no jurisdiction was untenable; service on Sunday in said state being valid under certain circumstances; showing of mistake, inadvertence, surprise or excusable neglect under Sec. 2378, Code 1919, was not shown.

Appeal from Circuit Court, Deuel County. Hon. WILLIAM N. SKINNER, Judge.

Action by William Grettenberg, against Gerhart Smith. From an order refusing to vacate a default judgment, entered in a suit upon a foreign judgment, defendant appeals. Affirmed.

*Hanten & Hanten,* and *Arthur R. Hendrickson,* for Appellant.

*Wiley W. Knight,* for Respondent.

GATES, P. J. Appeal from an order refusing to vacate a default judgment. This action was brought upon a money judgment rendered against defendant by default in the district court of Plymouth county, Iowa, on April 7, 1920. Except as otherwise indicated, "plaintiff's attorney" means plaintiff's present attorney, and "defendant's attorney" means defendant's Iowa attorney. The claim was received by plaintiff's attorney on May 10, 1920, who on May 11 advised defendant by mail of the receipt of said claim. On May 14, 1920, he called upon defendant at defendant's farm, and advised defendant of the entry of the Iowa judgment. Defendant took the matter up with his attorney, who on May 16, 1920, wrote plaintiff's attorney that the matter was being investigated by him, but no steps were ever taken to vacate the Iowa judgment. On August 4, 1920, plaintiff's attorney, having heard nothing further from defendant or his attorney, notified defendant that suit would be brought on the Iowa judgment unless settlement was made before August 10, 1920. Not hearing from defendant, plaintiff's attorney began this action on August 11, 1920, and summons was served on defendant on August 13, 1920. On September 15, 1920, defendant's attorney represented to plaintiff's Iowa attorneys that he still had 2 or 3 days within which to answer in the South Dakota action (although

he was then in default), and asked for a few days within which to move in the Iowa court to vacate the judgment. Such permission was granted on condition that the motion should be made within a few days. On October 6, 1920, no motion having been made, plaintiff's Iowa attorneys wrote defendant's attorney withdrawing such permission, but extending his time to answer in the South Dakota action, 30 days, viz. until October 12, 1920. No answer or appearance was made, and on October 22, 1920, the default judgment in this action was entered. On October 25, 1920, plaintiff's attorney wrote defendant advising him of the entry and amount of the judgment, and that execution would issue if same was not paid. On November 13, 1920, plaintiff's attorney again wrote defendant demanding his immediate attention to the matter. Again a similar letter was written on December 2, 1920. Again on January 14, 1921, plaintiff's attorney wrote defendant that, unless settlement was made by the next Tuesday, he would cause execution to be issued. To none of these letters did defendant reply. Thereafter, on January 28, 1921, execution was issued and given to the sheriff. On February 19, 1921, defendant's present attorneys gave notice of motion to vacate the South Dakota judgment. Defendant claimed in substance that the default in both jurisdictions was due to advice of counsel to the effect that, because the "original notice" served upon him in Iowa was not read nor offered to be read to him, and because the same was served on Sunday, the Iowa court acquired no jurisdiction to enter judgment, and that the neglect herein was the neglect of his attorney, and not his own. According to the Iowa Code (Code, § 4165), service of what we call summons may be made on Sunday under certain circumstances. Upon the hearing the trial court denied such application on the ground that it did not appear from the showing made by defendant that this judgment was entered against him through any mistake, inadvertence, surprise, or excusable neglect of the defendant. Rev. Code 1919, § 2378. Defendant appeals.

We are of the opinion that the trial court did not err in such determination. A recital of the above facts shows inexcusable neglect on the part of defendant, as well as on the part of his Iowa attorney.

The order appealed from is affirmed.